UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMMOTHY ALAN FLORA,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-877-JD-JEM

WILLIAM R. HYATTE, et al.,

    Defendants.

## OPINION AND ORDER

Timmothy Alan Flora, a prisoner without a lawyer, filed an amended complaint. ECF 6. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Flora alleges he was deprived of recreation time for approximately sixty days after being placed in a segregation unit at the Miami Correctional Facility on July 11, 2022. He gained twenty pounds due to the lack of recreation time, although he was still

able to attempt to exercise by "do[ing] what I could" in the limited space of his cell. ECF 6 at 2. This caused him mental distress because he had worked "extremely hard to keep a physical kept body." *Id*. at 2. During this time, he was only allowed two fifteen-minute showers a week. He filed multiple grievances and letters about the matter, but they went unanswered. He has sued Warden William R. Hyatte, Deputy Warden Jacqueline Scaife, and Major Robert Bennett for monetary damages related to his emotional stress and to be compensated for the amount of weight he put on.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[I]nmates have no liberty interest in avoiding transfer to discretionary segregation— that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Lekas v. Briley*, 405 F.3d 602, 608–09 & 608 n.4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."); *Healy v. Wisconsin*, 65 Fed. Appx. 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification.") (citing *Sandin*, 515 U.S. at 486).

Although later cases have questioned the conclusion that placement in nonpunitive segregation can "*never* implicate a liberty interest," *see Williams v. Brown*, 849 Fed. Appx. 154, 157, n.3 (7th Cir. 2021) (emphasis added), timing plays a part in the analysis, even when conditions are significantly harsher. *See e.g. Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases that held segregation of two to ninety days does not trigger due process concerns and stating, "In a number of other cases, we have explained that a liberty interest may arise if the length of segregated confinement is substantial *and* the record reveals that the conditions of confinement are unusually harsh.") (emphasis added); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (finding that up to ninety days in segregation does not affect liberty); *see also Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (recognizing "duration" is a component that plays a part in determining whether a liberty interest exists).

Here, Flora doesn't allege the duration of his confinement was extended—he simply takes issue with his placement in the segregation unit and the fact that his recreation was "taken from me." ECF 6 at 2. Although he claims his sixty-day stay in segregation caused him stress because he wasn't able to exercise during recreation, he gained weight, and he could only shower twice a week, these sparse allegations, without more, don't amount to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484; *Marion*, 559 F.3d at 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases regarding timing); *Lekas*, 405 F.3d at 610–14 (even ninety-day placement in disciplinary segregation where inmate was "prohibited from participating in general population activities," deprived of contact with other inmates,

3

and barred from "educational and work programs" did not trigger due process concerns). Accordingly, Flora has not stated any plausible Fourteenth Amendment due process claims regarding his stay in segregation. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original).

Even if an inmate's placement itself does not trigger any due process concerns, he may still have a claim regarding the conditions of his confinement under the Eighth Amendment.[1] "Although the Constitution does not mandate comfortable prisons, it does mandate humane ones." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (internal quotation marks and citation omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). The Eighth Amendment requires inmates to be provided with "humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Thomas*, 2 F.4th at 719 (quoting *Farmer*, 511 U.S. at 832). They must also be provided

---

[1] *See Townsend*, 522 F.3d at 772-73 ("The issue of cell conditions in TLU is best analyzed as a claim brought under the Eighth Amendment.").

4

with "'reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities.'" *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). "Some conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. To satisfy this standard, "the official must have actually known of and consciously disregarded a substantial risk of harm." *Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022).

As noted above, Flora alleges he was denied "recreation" and was unable to exercise during recreation time, which caused him to gain weight. He also claims he was only permitted to shower twice a week. Although he states this situation caused him mental harm, he doesn't allege he suffered any specific physical injuries during his stay in segregation or that the weight gain affected his physical health. Even viewed as a whole, without more, these allegations do not plausibly demonstrate the conditions were sufficiently serious to deny him life's necessities. *See e.g., Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) ("90-day period of no yard privileges as a sanction for misconduct does not inflict cruel and unusual punishment on an inmate in segregation"); *Smith v. Erickson*, 684 Fed. Appx. 576, 578–79 (7th Cir. 2017) (collecting cases and recognizing the distinction between the denial of "recreation," which did not state a plausible constitutional violation, versus the denial of exercise in its entirely, which could); *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015) (noting "there is a

5

significant difference between a lack of outdoor recreation and an inability to exercise" while affirming dismissal of plaintiff's claim because he "not allege that his movements [were] restricted to the point that he is unable to exercise inside his cell"); *see also Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 671 (7th Cir. 2012) (restricting inmates to weekly showers does not violate the Constitution). Therefore, Flora has not stated a plausible Eighth Amendment claim either. *See Bissessur*, 581 F.3d at 602; *Swanson*, 614 F.3d at 403.

This complaint does not state any plausible claims upon which relief can be granted. If Flora believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He should include facts about what led to his placement in segregation, how long he was there, what specific injuries he suffered and what caused them, and any other details relevant to the conditions he takes issue with.

For these reasons, the court:

(1) GRANTS Timmothy Alan Flora until **<u>October 5, 2023</u>**, to file an amended complaint; and

(2) CAUTIONS Timmothy Alan Flora if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on September 7, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT